# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3021-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CRAIG CALLUM,

     Defendant-Appellant.

_____

> Submitted March 3, 2021 – Decided June 24, 2021
>
> Before Judges Ostrer and Accurso.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 84-12-1623.
>
> Craig Callum, appellant pro se.
>
> Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Mario C. Formica, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Craig Callum was convicted of a brutal kidnapping and rape of a young woman walking home from work in Atlantic City in 1985. As we related in our 1987 opinion, "[t]he victim was dragged from a public street, savagely beaten and stabbed, and was thereafter brutally raped in an abandoned building." State v. Callum, No. A-0188-85 (App. Div. Oct. 26, 1987) (slip op. at 3). Defendant was twenty-eight years old at sentencing and had already been convicted as an adult of robbery, possession of a weapon and attempted rape. He was on parole following his conviction and sentence for another rape when he committed the crimes in 1985. He also had two juvenile adjudications for sexual assault. The judge granted the State's request to sentence defendant to an extended term as a persistent offender on his conviction for aggravated sexual assault, for which he received a life term with twenty-five years of parole ineligibility. His aggregate sentence was life plus forty-five years, forty-seven-and-a-half of which must be served before he becomes eligible for parole. Id. at 1-2.

Defendant appealed his conviction and sentence. We affirmed defendant's conviction but remanded the sentence for reconsideration in light of State v. Yarbough, 100 N.J. 627, 643-44 (1985), decided two months after defendant's sentencing. Callum, slip op. at 6-7. On remand, the judge reimposed the original sentence, finding on the facts "that consecutive sentences are not only

2

authorized [by Yarbough], but in fact required."  The Supreme Court denied defendant's petition for certification.  State v. Callum, 110 N.J. 303 (1988).

In 2019, defendant filed a motion "to correct an illegal sentence," alleging our 1987 remand was never conducted, and the sentencing judge erred by imposing a substantial fine without consideration of defendant's ability to pay. Judge Waldman denied the motion.

In a clear and cogent letter to defendant, the judge explained the sentencing judge on remand "reconsidered and re-imposed the consecutive sentences as originally stated within the requirements of State v. Yarbough," enclosing a copy of the November 9, 1987 remand decision.  As to the approximately $12,000 in fines, Judge Waldman explained "N.J.S.A. 2C:44-2(a) provides that 'the court may sentence a defendant to pay a fine in addition to a sentence of imprisonment or probation if . . . the defendant is able, or given a fair opportunity to do so, will be able to pay the fine,'" considering both the defendant's financial resources at sentencing, as well as his future ability to pay. See State v. Newman, 132 N.J. 159, 178-79 (1993).  The judge further explained the sentencing judge need not hold a hearing on defendant's ability to pay if there is no dispute on that issue at sentencing.  See State v. El Moghrabi, 341 N.J. Super. 354, 368 (App. Div. 2001).

3

Judge Waldman found defendant failed to demonstrate the sentencing court did not consider his ability to pay the fine. The judge noted the criminal case management office's fact sheet prepared in anticipation of sentencing noted defendant's sporadic employment, but also that he was single with no children and without any other person depending on him financially. Moreover, the judge looked to the trust account statement provided by defendant, which showed he had already "paid approximately half of the $12,000 fines."

Specifically, the judge noted "[d]efendant's transactions statement shows that defendant has been successfully paying approximately $30 a month towards his fines, has been earning approximately $96.00 - $99.20 a month through work while incarcerated, consistently has funds in his bank account, and is able to make monthly commissary purchases." In sum, the court found defendant had failed to proffer any proof to permit the court to vacate any portion of defendant's sentence.

Defendant appeals, arguing:

POINT I

THE APPELLANT CRAIG CALLUM SUBMITS THAT HE WAS ENTITLED TO DUE PROCESS RIGHTS TO BE NOTIFIED IN THE LEAST OF HIS

APPEAL AND THE RESULTS OF THAT APPEAL
BY THE COURT.[1]

POINT II

THE TRIAL COURT ERRED IN HIS RULING THAT
THE APPELLANT WAS ABLE TO MEET THE
BURDEN OF PAYING $12,000 WITHOUT
APPELLANT'S INABILITY TO PAY.

Having reviewed the record and considered defendant's arguments in light
of the applicable law, we find them to be without sufficient merit to warrant
discussion in a written opinion, Rule 2:11-3(e)(2), and affirm the decision of the
trial court substantially for the reasons expressed in Judge Waldman's letter to
defendant of December 5, 2019.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] We previously granted defendant's unopposed motion to dismiss Point I of his
brief as moot. Accordingly, we do not consider it.